# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| PATRICK RICHMOND,<br><br>    Plaintiff,<br><br>vs.<br><br>US MARSHALS, LINDSEY GARNER, and MONICA SLAUGHTER,<br><br>    Defendants. | No. 19-CV-2-CJW-MAR<br><br>**ORDER** |
| PATRICK RICHMOND,<br><br>    Plaintiff,<br><br>vs.<br><br>ALLEN WHITAKER, MICHEAL BAILEY, SPENCER WATTS, WESTON WERY, and STEVE ERCEG,<br><br>    Defendants. | No. 19-CV-19-CJW-MAR<br><br>**ORDER** |

    This matter is before the Court on two cases filed by Patrick Richmond.[1] In the first (19-CV-2-CJW, Doc. 1-1), plaintiff raises claims pursuant to both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In his second case (19-CV-19-CJW, Doc. 1-1), plaintiff raises claims pursuant to 42 U.S.C. § 1983. Both cases relate to the circumstances of plaintiff's arrest and detention

---

[1] Plaintiff was recently sentenced in this Court for one count related to the distribution of heroin. *See* 18-CR-0095-CJW, Doc. 162.

in late 2018 and early 2019. Plaintiff also filed motions to proceed in forma pauperis in both cases. 19-CV-2-CJW, Doc. 1 and 19-CV-19-CJW, Doc. 1.

## I.	MOTIONS TO PROCEED IN FORMA PAUPERIS

Plaintiff did not submit the statutory filing fee in either case. *See* 28 U.S.C. § 1914(a) (requiring filing fee). For a court to authorize commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2).

Plaintiff is an inmate who is currently in transit following his federal sentencing. He was most recently in the Bremer County, Iowa, Jail. Plaintiff filed documents (19-CV-2-CJW, Doc. 1 and 19-CV-19-CJW, Doc. 1) substantially complying with the requirements set out above. Because he does not have the assets necessary to pay the filing fee, his motions are **granted**. The Clerk of Court's Office is directed to file his complaints (19-CV-2-CJW, Doc. 1-1 and 19-CV-19-CJW, Doc. 1-1) without the prepayment of fees.

Even though the Court deems it appropriate to grant a prisoner-plaintiff in forma pauperis status, plaintiff is still required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff must pay an initial partial filing fee in the amount of twenty percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the documents that plaintiff submitted, it appears he has no money in his prison account, and he has not made any deposits into his prison account. *See* 19-CV-2-CJW, Doc. 1 and 19-CV-19-CJW, Doc. 1. Accordingly, the institution having custody of plaintiff is directed to monitor his account, and, at such time that it is possible, provide an initial partial filing fee as calculated by pursuant to 28 U.S.C. § 1915(b) for each of the above captioned cases.

In addition to the initial partial filing fee, plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court. Specifically:

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after plaintiff pays in full the initial partial filing fees, the remaining installments shall be collected by the institution having custody of the plaintiff. The Clerk of Court is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where plaintiff is an inmate.

## II.     19-CV-2-CJW INITIAL REVIEW

### A.     *Initial Review Standard*

A court must liberally construe a pro se complaint. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (explaining that, although pro se complaints must be liberally construed, they must allege sufficient facts to support the claims that are advanced). In addition, unless the facts alleged are clearly baseless, a court must weigh them in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, may dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1).

A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .,'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### B. Bivens Standard

Plaintiff brings his first case, in part, under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

> As a general rule, *Bivens* claims and § 1983 claims are almost identical and involve the same analysis. *See Gordon*, 168 F.3d at 1113 ("An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." (citation omitted)); *Duffy v. Wolle*, 123 F.3d 1026, 1037 (8th Cir. 1997) (recognizing that the § 1983 body of law applies to *Bivens* actions).

*Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015); *see also Wright v. United States*, 813 F.3d 689, 695 (8th Cir. 2015) (applying excessive force standards in a *Bivens* action against the US Marshals Service).

### C. § 1983 Standard

Plaintiff brings the remainder of his claims under 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). Section 1983 does not itself provide substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983

provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (holding that 42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). Thus, to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### D. *Plaintiff's Claims*

Plaintiff's claims are far from clear. It seems he is arguing that his rights were violated when his state public defender provided ineffective assistance, that a state prosecutor discussed his case with other inmates, and because of a federal detainer placed on him while he was in state custody. To the extent plaintiff has stated claims, they fail for the following reasons.

First, plaintiff named the "U.S. Marshalls" as a defendant. A *Bivens* action, however, "allows for a cause of action for damages against federal officials, not federal agencies." *Patel v. Bureau of Prisons*, 515 F.3d 807, 814 (8th Cir. 2008). The Supreme Court has stated that, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Accordingly, plaintiff's claim, which is against the United States Marshals Service itself, must be denied. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP.").

The next defendant, Lindsay Garner, was a state public defender appointed to represent defendant. Plaintiff claims Garner provided ineffective assistance of counsel and failed to stop the third defendant, Monica Slaughter, from telling other inmates about the federal detainer.

For purposes of Section 1983, the Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). *See also Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("[p]ublic defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel"). Defense attorneys do not enjoy absolute immunity, however, and an allegation of wrong doing outside traditional attorney functions, such as a conspiracy, can state a claim pursuant to Section 1983. *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983). Plaintiff alleges, essentially, that his public defender provided ineffective assistance of counsel. That is a traditional attorney function. Accordingly, plaintiff's state public defender, Lindsay Garner, is immune from suit.

The final defendant, Slaughter, is an attorney in the Linn County, Iowa, County Attorney's Office. Plaintiff alleges that she told other inmates about his federal detainer. As a general principal, prosecutors are often immune in these types of cases. Specifically, prosecutors enjoy immunity for their charging decisions.

> In *Imbler v. Pachtman*, the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately

7

associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). However, prosecutors are entitled only to qualified immunity when their actions are "investigatory" or "administrative" in nature. *Id*.

*Forste v. Hensley*, 405 F. App'x 94, 95–96 (8th Cir. 2010) (unpublished). In this case, it is not even clear that Slaughter worked on plaintiff's case. Rather, his claim is simply that she allegedly told other inmates that there was a federal detainer in his case. Plaintiff makes no argument or allegation on how that could constitute a constitutional violation. Accordingly, plaintiff has failed to state a claim against Slaughter and his claim against her is denied. *See e.g., Bell v. Smith*, Case No. 2:14–cv–01730–GMN–PAL, 2015 WL 7432948, at *4 (D.Nev. Nov. 3, 2015).

### III. 19-CV-19 CJW INITIAL REVIEW

Plaintiff's second case is also brought pursuant to Section 1983 and the general standards are identical to those set out above. In 19-CV-19-CJW, plaintiff alleges that five defendants, all officers in the Cedar Rapids Police Department, committed: 1) police harassment; 2) defamation of character; 3) provided false police reports; 4) made false charges; 5) violated his constitutional rights; 6) falsely imprisoned him; 7) sexually assaulted his girlfriend; 8) forced and "blackmailed" him to get information; 9) caused him emotional distress; 10) searched his vehicle without a warrant; 11) searched his iPhone without a warrant; and 12) endangered his unborn child. Plaintiff alleges this occurred on January 29, 2018, and February 6, 2018. These dates coincide with the arrest that ultimately lead to his conviction for possession with intent to deliver marijuana in Linn County, Iowa. *See State v. Richmond*, 06571 FECR 125709 (Linn County, Iowa 2019).

Each of plaintiff's claims fail. First, to the extent plaintiff attempts to bring claims on behalf of his girlfriend, that claim is dismissed because plaintiff cannot prosecute claims on behalf of other individuals.

Second, claims for defamation and slander are not cognizable under Section 1983. *See Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983).

Third, plaintiff alleges the officers "made up false reports" and planted evidence. Officers testifying in court, however, enjoy absolute immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983), stating:

> In short, the rationale of our prior absolute immunity cases governs the disposition of this case. In 1871, common-law immunity for witnesses was well settled. The principles set forth in *Pierson v. Ray* to protect judges and in *Imbler v. Pachtman* to protect prosecutors also apply to witnesses, who perform a somewhat different function in the trial process but whose participation in bringing the litigation to a just-or possibly unjust-conclusion is equally indispensable. Accordingly, those claims are denied.

Accordingly, to the extent plaintiff is complaining about testimony provided by those officers either in his state or federal cases, those claims are precluded by prosecutorial immunity.

Similarly, in *Heck v. Humphrey*, the Supreme Court held that:

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 487 (1994). Even when a plaintiff demands only money damages, he cannot bring a non-habeas civil action that would call into question the lawfulness of his detention. *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). Accordingly, to the extent plaintiff alleges the officers acted improperly in the collection of evidence that

ultimately lead to his state court conviction in 2019, that claim is *Heck* barred because there is no evidence the state court conviction has been set aside.[2]

Finally, to the extent any of plaintiff's claims are not dismissed by the proceeding, they are dismissed because he has failed to provide a short and plain statement that he is entitled to relief (see FED. R. CIV. P. 8(a)(2)) as the bulk of his complaint is comprised of unsupported assertions. *See e.g.*, 19-CV-19-CJW, Doc. 1-1 at 4. Plaintiff claims that "law enforcement have been making up false reports and false evidence against me" but does not say what those false reports were. This fails to state facts to support any claim.

## IV. CONCLUSION

For the reasons set out above:

1. In 19-CV-2-CJW, plaintiff's motion to proceed in forma pauperis (19-CV-2-CJW, Doc. 1) is **granted**. The Clerk of Court is directed to file the petition (19-CV-2-CJW, Doc. 1-1) without the prepayment of fees. Because plaintiff does not have money in his prison account, the institution having custody of him is directed to monitor his account, and, at such time that it is possible, provide an initial partial filing fee as calculated pursuant to 28 U.S.C. § 1915(b).

2. In 19-CV-19-CJW, plaintiff's motion to proceed in forma pauperis (19-CV-19-CJW, Doc. 1) is **granted**. The Clerk of Court is directed to file the petition (19-CV-19-CJW, Doc. 1-1) without the prepayment of fees. Because plaintiff does not have money in his prison account, the institution having custody of him is directed to monitor his account, and, at such time

---

[2] None of plaintiff's claims seem to relate to conduct associated with his federal criminal conviction.

that it is possible, provide an initial partial filing fee as calculated pursuant to 28 U.S.C. § 1915(b).

3. The Clerk of Court is directed to send a copy of this order and the notice of collection of the filing fee to the appropriate official at the place where plaintiff is an inmate.

4. Plaintiff's claims in 19-CV-2-CJW are **denied** for the reasons set out above. The case is **dismissed** and that dismissal will count against plaintiff for the purposes of 28 U.S.C. § 1915(g).

5. Plaintiff's claims in 19-CV-19-CJW are **denied** for the reasons set out above. The case is **dismissed**. That dismissal will not count against plaintiff for the purposes of 28 U.S.C. § 1915(g). *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (modifying the dismissal of a *Heck*-barred claim "to be without prejudice").

**IT IS SO ORDERED** this 27th day of February, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

TO: **WARDEN/ADMINISTRATOR**

**Bremer County Jail, Waverly, Iowa.**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Patrick Plaintiff, an inmate at your facility, filed two lawsuits in the United States District Court for the Northern District of Iowa: *Plaintiff v. U.S. Marshals Service et al.*, Case No. 19-CV-2 CJW and *Plaintiff v. Whitaker et al.*, Case No. 19-CV-19 CJW. The inmate was granted in forma pauperis status in both cases pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Because the inmate has never had any deposits in his prison account nor has he had a positive account balance, it is impossible to determine his initial partial filing fee. Accordingly, you are directed to monitor his account, and, at such time that it is possible to calculate, provide the initial partial filing fees in each case as calculated by pursuant to 28 U.S.C. § 1915(b).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after the initial partial filing fees are paid, you should begin making monthly payments of 20 percent of the preceding month's income credited to the plaintiff's account. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed. If plaintiff has been relocated to a different institution, please forward this Order and Notice to the institution having custody of him. Any institution having custody of plaintiff shall be responsible to collect and remit the filing fee as set forth above.

s/SKM, Deputy Clerk
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa
